UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>ONE ROMARM CUGIR DRACO<br>7.62 CALIBER PISTOL, SERIAL<br>NUMBER DA-0081-12, AND ANY<br>ASSOCIATED AMMUNITION;<br><br>ONE MOSSBERG 500 12 GAUGE<br>SHOTGUN, SERIAL NUMBER P562182,<br>AND ANY ASSOCIATED<br>AMMUNITION AND ACCESSORIES;<br><br>and,<br><br>ONE SPRINGFIELD ARMORY, HS<br>PRODUKT HD MOD 2, 45 CALIBER<br>PISTOL, SERIAL NUMBER GM492168,<br>AND ANY ASSOCIATED<br>AMMUNITION;<br><br>        Defendants. | CASE NO. CV21-1303<br><br>**VERIFIED COMPLAINT<br>FOR FORFEITURE *IN REM*** |

//

VERIFIED COMPLAINT FOR FORFEITURE *IN REM* - 1
*United States v. One Romarm Cugir Draco 7.62 Caliber Pistol, et al.*

## I.      NATURE OF THE ACTION

1.      This is a civil *in rem* action for the forfeiture of the following property: one Romarm Cugir DRACO 7.62 caliber pistol, serial number DA-0081-12, and any associated ammunition; one Mossberg 500 12 gauge shotgun, serial number P562182, and any associated ammunition and accessories; and one Springfield Armory, HS Produkt HD MOD 2, 45 caliber pistol, serial number GM492168, and any associated ammunition (collectively, the "Defendant Property").  The Defendant Property was seized on or about April 7, 2021 from a residence and a vehicle associated with Gerald Aikens ("Aikens") during execution of federal search warrants by the Federal Bureau of Investigation ("FBI").

        a.      The Romarm Cugir DRACO 7.62 caliber pistol, serial number DA-0081-12, and associated ammunition (collectively, "the Romarm Pistol") and the Mossberg 500 12 gauge shotgun, serial number P562182, and associated ammunition and accessories (collectively, "the Shotgun") were seized from Aikens' residence located at 4041 30th Avenue S., Seattle, Washington 98108 ("Aikens' Residence");

        b.      The Springfield Armory, HS Produkt HD MOD 2, 45 caliber pistol, serial number GM492168, and associated ammunition (collectively, "the Springfield Pistol") were seized from Aiken's truck, a 2013 Ford F150 with Washington license plate C72919R ("Aikens' Truck").

## II.      LEGAL BASIS FOR FORFEITURE

2.      The Defendant Property is forfeitable pursuant to 21 U.S.C. § 881(a)(6) for violations of 21 U.S.C. §§ 841(a)(1) (unlawful distribution of controlled substances) and 846 (attempt or conspiracy to distribute controlled substances).  Specifically, counsel for the United States has a reasonable belief the government will be able to prove, to a preponderance of the evidence at trial, that the Defendant Property facilitated the unlawful distribution of controlled substances and/or the attempt or conspiracy to distribute controlled substances.

VERIFIED COMPLAINT FOR FORFEITURE *IN REM* - 2
*United States v. One Romarm Cugir Draco 7.62 Caliber Pistol, et al.*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1

### III.   JURISDICTION AND VENUE

2      3.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1345

3   (United States is plaintiff) and 1355(a) (action for forfeiture).

4      4.      Venue is proper in this Court pursuant to 28 U.S.C. § 1355(b)(1)(A) (acts

5   giving rise to the forfeiture occurred in this district) and 28 U.S.C. §§ 1395(a) and (b)

6   (the Defendant Property was seized in this district).

7      5.      Pursuant to search warrants issued in Western District of Washington

8   Cause No. MJ21-183 on or about March 31, 2021 and executed on or about April 7,

9   2021, the FBI took custody of the Defendant Property.  The Defendant Property is

10  currently in the custody of the FBI.

11     6.      As provided in Supplemental Rule G(3)(b)(i), the Clerk of Court is required

12  to issue a warrant to arrest the Defendant Property if it is in the government's possession,

13  custody, or control.  As such, the Court will have *in rem* jurisdiction over the Defendant

14  Property when the accompanying Warrant of Arrest *in Rem* is issued, executed, and

15  returned to the Court.

16

### IV.   FACTUAL BASIS FOR FORFEITURE

17     7.      The Defendant Property was seized on or about April 7, 2021, from

18  Aikens' Residence, in connection with the investigation of Michael Walker ("Walker")

19  and a large Drug Trafficking Organization ("DTO") associated with him, which was

20  believed to be distributing significant amounts of cocaine, crack cocaine, unlicensed

21  marijuana, and other controlled substances in the Western District of Washington, in

22  violation of Title 21, United States Code, Sections 841, 846, 843(b), and related crimes.

23  Using confidential source information and traditional investigative techniques, agents[1]

24

25

26  [1] The term "agents" and "investigators" refers to law enforcement personnel, including but not limited to
    FBI agents and intelligence personnel, Drug Enforcement Administration ("DEA") agents, Internal
27  Revenue Service ("IRS") agents, task force officers, and Seattle Police Department ("SPD") sergeants,
    detectives, and officers.
28

VERIFIED COMPLAINT FOR FORFEITURE *IN REM* - 3
*United States v. One Romarm Cugir Draco 7.62 Caliber Pistol, et al.*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  identified several individuals, including Walker, Aikens, Jamar Howard ("Howard"), and

2  Kevin Gipson ("Gipson"), who were involved in the trafficking and distribution of drugs

3  in this District.

4  ***Seizure of the Defendant Property.***

5        8.      On March 31, 2021, the Honorable Mary Alice Theiler, United States

6  Magistrate Judge for the Western District of Washington, issued multiple search warrants

7  in connection with this investigation.  These included search warrants for Aikens,

8  Aikens' Residence, and Aikens' Truck.  *See* MJ21-182 (17–19).

9        9.      On or about April 7, 2021, agents executed these warrants.  Present in

10 Aikens' Residence during the search were S.S., the property owner, and his daughter,

11 K.S.  Shortly before the search warrants were executed, agents observed Aikens leaving

12 Aikens' Residence driving Aikens' Truck; agents conducted a traffic stop on Aikens a

13 short distance away from Aikens' Residence simultaneous with the search warrant

14 execution at Aikens' Residence.  Aikens and his truck were transported back to Aikens'

15 Residence while the search was ongoing.

16       10.     After entry photographs were taken, both Aikens' Residence and Aikens'

17 Truck were evaluated by a law enforcement officer and her certified controlled substance

18 detection canine partner.  The controlled substance detection canine demonstrated

19 positive alerts on, among other locations, a blue bag and box near the closet in Room E

20 and the center console area of Aikens' Truck.

21       11.     Individuals who regularly handle controlled substances often leave the

22 scent of controlled substances on other items they handle, including currency from

23 narcotics sales/proceeds, thereby transferring the odor of the controlled substances to

24 those items.  Controlled substance detection canines are trained to alert on these

25 substances.

26 //

27

28 //

VERIFIED COMPLAINT FOR FORFEITURE *IN REM* - 4
*United States v. One Romarm Cugir Draco 7.62 Caliber Pistol, et al.*

12.     In Aikens' Residence, agents located firearms, a pistol case and magazine, ammunition, marijuana, and suspected narcotics pills.[2]  These items, along with mail addressed to Aikens, were all located in a bedroom and adjacent closet ("Room E"):

        a.      A cardboard box and two bags containing approximately 2,056.1 grams of suspected marijuana were located in the closet of Room E, along with a plastic bag containing suspected narcotics pills.

 

        b.      A pistol case and magazine for the Springfield Pistol were located on the floor, next to a dresser.  The pistol case contained XD MOD materials.

 

---

[2] The homeowner, S.S., advised agents that he had some marijuana and a pistol in the kitchen of Aikens' Residence.  Agents did not seize this pistol or marijuana from the kitchen during the search.  S.S. stated that Aikens had been living with him since around 2020.

VERIFIED COMPLAINT FOR FORFEITURE *IN REM* - 5
*United States v. One Romarm Cugir Draco 7.62 Caliber Pistol, et al.*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1               c.      The Romarm Pistol and the Shotgun, including an additional barrel,

2  stock, and butt pad for the shotgun, were located under the bed, inside a rifle case.  The

3  Romarm Pistol was not loaded.  The Mossberg Shotgun was loaded with six shotgun

4  shells, including one in the chamber.



VERIFIED COMPLAINT FOR FORFEITURE *IN REM* - 6
*United States v. One Romarm Cugir Draco 7.62 Caliber Pistol, et al.*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

13.     Five cell phones were located on top of a dresser in Room E, in a paper T-Mobile bag.



14.     Additional ammunition, a magazine, and a "Revolt" tin containing pills were located in a drawer of the dresser in Room E.






VERIFIED COMPLAINT FOR FORFEITURE *IN REM* - 7
*United States v. One Romarm Cugir Draco 7.62 Caliber Pistol, et al.*

15.     In the center console of Aikens' Truck, agents located the loaded Springfield Pistol, two baggies containing approximately 8.443 grams of cocaine, a black scale with suspected drug residue, and two bottles containing suspected narcotics pills. The serial number on the Springfield Pistol matched the serial number of the gun case found in Aikens' Residence, Room E.





VERIFIED COMPLAINT FOR FORFEITURE *IN REM* - 8
*United States v. One Romarm Cugir Draco 7.62 Caliber Pistol, et al.*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970



*Administrative Forfeiture Proceedings*

16.     After the Defendant Property was seized, the FBI initiated administrative forfeiture proceedings against it pursuant to 19 U.S.C. § 1607-09, by way of 21 U.S.C. § 881(d) and 18 U.S.C. § 981(d), on the grounds it is property that facilitated the distribution of controlled substances, or conspiracy to distribute controlled substances, in violation of 21 U.S.C. §§ 841 and 846.

17.     The provisions of 18 U.S.C. § 983(a)(1)(A), require the seizing agency to send notice of the commencement of administrative forfeiture against seized property no more than 60 days after the seizure, unless this period is extended by a supervisory official of the seizing agency, pursuant to Section 983(a)(1)(B), or by a court, pursuant to Section 983(a)(1)(C).

18.     On May 28, 2021, as part of the administrative forfeiture proceedings, the FBI sent notice of the pending forfeiture to all identified potentially interested parties, including Aikens, as required by 18 U.S.C. § 983(a)(1).

19.     On June 28, 2021, Aikens submitted an administrative claim to the Defendant Property.  In this claim, Aikens asserted that:

a.     He purchased the Springfield Pistol, .45 caliber magazines, and the pistol case from Ben's Guns & Loans in Renton approximately seven or eight years ago. Records confirm Aikens purchased this firearm at a pawnshop in 2018.

VERIFIED COMPLAINT FOR FORFEITURE *IN REM* - 9
*United States v. One Romarm Cugir Draco 7.62 Caliber Pistol, et al.*

UNITED STATES ATTORNEY
700 STEWART STREET. SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    b.    He purchased the Shotgun and a 12 gauge shotgun barrel from a

2    friend more than ten years ago, but has no documentation of these purchases;

3    c.    He purchased ammunition at a gun range in Federal Way, a gun

4    range in Renton, Ben's Guns & Loans in Renton, or Dick's Sporting Goods, but has no

5    documentation of these purchases; and,

6    d.    He obtained the Romarm Pistol as a gift from his grandfather,

7    approximately eighteen years ago, but has no record of the gift.  Law enforcement

8    records indicate that this firearm was purchased on March 9, 2012 by N.J.T., an

9    individual whose date of birth is in 1989.

10   *Aikens' Connection to the Residence and Truck*

11        20.    During this investigation, based on physical surveillance and intercepted

12   communications, agents identified Aikens' Residence and Aikens' Truck.

13        21.    Agents obtained GPS location data from a cell phone known to be used by

14   Aikens, which showed that he was at Aikens' Residence overnights from October 2020

15   through March 29, 2021, shortly before the search warrants were executed.  Agents

16   identified the cell phone used by Aikens through review of communications, which was

17   registered to Aikens at Aikens' Residence.

18        22.    Department of Licensing records also identify Aikens' Truck as registered

19   to him at Aikens' Residence.

20   *Aikens' Meetings and Communications Involving Drug Trafficking*

21        23.    During this investigation, agents intercepted communications and reviewed

22   communications obtained via search warrants, regarding Aikens' drug trafficking

23   activities, including supplying narcotics to Howard.  Agents also observed Howard

24   conducting multiple cocaine transactions and intercepted communications in which

25   Howard discussed his drug trafficking.

26        24.    On September 4, 2020, approximately 5:49 p.m., Aikens sent the following

27   text message to Howard: "U still want on…. got a new batch…just letting u know."

28

VERIFIED COMPLAINT FOR FORFEITURE *IN REM* - 10
*United States v. One Romarm Cugir Draco 7.62 Caliber Pistol, et al.*

1        25.     Based on training and experience, agents believe that Aikens contacted

2  Howard to advise Howard that he had narcotics to sell and asked if Howard needed a re-

3  supply of narcotics.  The term "on" is a common term used by drug traffickers to refer to

4  their current level of narcotics supply, namely that a trafficker needing or wanting "on"

5  means that he/she is out of narcotics and needs to be resupplied.

6        26.     On September 5, 2020, Howard responded: "Ok bro I am going to get with

7  you."

8        27.     On September 29, 2020, approximately 2:49 p.m., Aikens called Howard.

9  During this call the following discussion took place:

10          **AIKENS**:      What the hell you doing on my side dawg [selling narcotics in

11                           Aikens's territory].

12          **HOWARD**       Man I can't even make a quick jug [drug deal]. I'm getting

13                           the hell up out of here man.

14          **AIKENS**:      Where you going man?

15          **HOWARD**:      I just got off work. Headed to, uh, the crib.

16          **AIKENS**:      Oh serious?

17          **HOWARD**:      Yep.

18          **AIKENS**:      Ok ok. Yeah I ain't making no noise. I'm headed right back

19                           home, man, shit.

20          **HOWARD**:      That's what's up.

21          **AIKENS**       I'm going to tap in with you about something [talk to Howard

22                           about a narcotics deal] in about, probably about a day or two.

23          **HOWARD**:      Alright.

24          **AIKENS**:      I'm going to run it cross you.

25          **HOWARD**:      Yep.

26          **AIKENS**:      Ok.

27

28

VERIFIED COMPLAINT FOR FORFEITURE *IN REM* - 11
*United States v. One Romarm Cugir Draco 7.62 Caliber Pistol, et al.*

1    28.    Prior to this call, approximately 1:33 p.m. on September 29, 2020, Howard

2    spoke with Gipson and agreed to meet at Gipson's apartment complex in Beacon Hill,

3    Seattle, Washington in about 15 minutes.

4    29.    Earlier that morning, approximately 10:44 a.m. on September 29, 2020,

5    Gipson called Howard and asked to buy a "quarter of soft" from Howard, to which

6    Howard agreed.

7    30.    The term "tap in" with someone is a common term used by drug traffickers

8    to refer to discussing or engaging in a narcotics transaction with another person; that the

9    term "quarter" refers to a quarter ounce; and that the term "soft" refers to powder

10   cocaine, as opposed to "hard," which is commonly used to refer to crack cocaine.

11   Accordingly, agents believe that when Howard discussed making a "jug" with Aikens,

12   Howard was referring to a narcotics transaction in which Howard sold a quarter of an

13   ounce of powder cocaine to Gipson and received narcotics proceeds in exchange.  Since

14   Howard lives in Renton and Aikens lives in Seattle (as does Gipson), and based on the

15   tone of the conversation, agents believe that Aikens was giving Howard a hard time, in

16   jest, for selling cocaine in the Seattle area where Aikens lives.

17   31.    A review of one of Howard's cell phones, revealed additional text messages

18   between Howard and Aikens.  For example, on August 31, 2020, Aikens texted Howard:

19   "Whats good bro.... i need a chef [to cook powder cocaine into crack cocaine] u know a

20   good one."  Howard sent a text message in response, but the content was not visible on

21   the phone extraction.  After Howard's text message, Aikens replied, "Ill come holla."

22   32.    Surveillance and review of GPS location data for Aikens' cell phone,

23   revealed that he drove from his residence to various commercial parking lots, where he

24   parked next to other vehicles, remained there for approximately five minutes, then drove

25   away, without entering any of the adjacent stores.  On March 17, 2021, Aikens parked in

26   two different commercial parking lots, consecutively, where he remained approximately

27   five minutes in each, before returning to his residence.

28

VERIFIED COMPLAINT FOR FORFEITURE *IN REM* - 12
*United States v. One Romarm Cugir Draco 7.62 Caliber Pistol, et al.*

1      33.     Investigation has revealed that parking lots are common locations for

2  Walker DTO members to conduct drug transactions by meeting car-to-car or having the

3  drug purchaser get in the drug supplier's car to conduct the drug transaction, and that

4  these transactions are brief, lasting only a few minutes.  Aikens's brief stops in parking

5  lots for less than five minutes each and with no apparent legitimate purpose for the stop,

6  such as visiting a store, are indicative of drug trafficking activity.

7      34.     On March 21, 2021, GPS location data for Aikens' phone showed that

8  Aikens left his residence approximately 8:52 a.m., travelled about 200 miles to Coulee,

9  Washington, stayed in Coulee for only a few minutes, and then drove directly back to his

10 residence, arriving around 7:22 p.m.

11     35.     Investigation has revealed that the route from western Washington to

12 eastern Washington is a common drug trafficking route and that eastern Washington is a

13 hub of narcotics coming from California into Washington state, such that once the

14 narcotics loads coming from California reach eastern Washington, the narcotics loads are

15 offloaded in eastern Washington and then redistributed in smaller loads throughout the

16 state.  The intercepted communications above establishing that Aikens has access to

17 supplies of cocaine and the quick trip he made to eastern Washington, driving about 200

18 miles and only staying in Coulee for a few minutes before returning to Seattle, are

19 indicative of Aikens making a trip to eastern Washington to pick up narcotics and drive

20 them to Western Washington.

21     36.     Howard is currently charged with conspiracy to distribute controlled

22 substances in *United States v. Snipes, et al.*, filed in the Western District of Washington,

23 cause number CR21-057-RSM.

24     37.     Gipson is currently charged with conspiracy to distribute controlled

25 substances in *United States v Lumumba-Olabisi, et al.*, filed in the Western District of

26 Washington, cause number CR21-056-RSM.

27 //

28

VERIFIED COMPLAINT FOR FORFEITURE *IN REM* - 13
*United States v. One Romarm Cugir Draco 7.62 Caliber Pistol, et al.*

38.   Individuals who engage in drug trafficking often carry firearms and ammunition on their person, within reach, and in their homes, to protect themselves, their product, and their proceeds of drug trafficking from robbery and assault. *See e.g., United States v. Ward*, 171 F.3d 188, 195 (4th Cir. 1999) ("Guns are tools of the drug trade and are commonly recognized articles of narcotics paraphernalia").

39.   The circumstances set forth in this Complaint demonstrate that the Defendant Property facilitated the unlawful distribution of controlled substances and/or attempt or conspiracy to distribute controlled substances.  There is a substantial connection between the Defendant Property and Aikens' drug trafficking.  These particular firearms provided protection that made Aikens' drug trafficking easier to commit, or more or less free from obstruction or hindrance.  Aikens kept the Defendant Property in the center console of his truck, where he stored drugs, and under the bed in his room, where he stored drugs.  Aikens drove his truck to suspected drug deals in parking lots.  The communications and meetings involving Aikens' drug trafficking also demonstrate the close connection between these firearms and Aikens' drug trafficking.

## V.   REQUEST FOR RELIEF

As required by Supplemental Rule G(2)(f), the facts set forth in this Verified Complaint support a reasonable belief that the United States will be able to meet its burden of proof at trial.  More specifically, these facts support a reasonable belief that the United States will be able to prove, at trial, the Defendant Property facilitated the unlawful distribution of controlled substances and/or attempt or conspiracy to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1) and 846, which renders it forfeitable pursuant to 21 U.S.C. § 881(a)(6).

//

//

//

VERIFIED COMPLAINT FOR FORFEITURE *IN REM* - 14
*United States v. One Romarm Cugir Draco 7.62 Caliber Pistol, et al.*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    WHEREFORE, the United States respectfully requests:

2    1.    A warrant issued for the arrest of the Defendant Property;

3    2.    That due notice be given to all interested parties to appear and show cause

4          why the Defendant Property should not be forfeited;

5    3.    That the Defendant Property be forfeited to the United States for

6          disposition according to law; and

7    4.    For such other and further relief as this Court may deem just and proper.

8

9    DATED this 24th day of September, 2021.

10

11                        Respectfully submitted,

12                        TESSA M. GORMAN
                          Acting United States Attorney

13

14

15                        KRISTA K. BUSH

16                        Assistant United States Attorney
                          United States Attorney's Office

17                        700 Stewart Street, Suite 5220

18                        Seattle, WA  98101
                          (206) 553-2242

19                        Krista.Bush@usdoj.gov

20

21

22

23

24

25

26

27

28

VERIFIED COMPLAINT FOR FORFEITURE *IN REM* - 15
*United States v. One Romarm Cugir Draco 7.62 Caliber Pistol, et al.*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1

**VERIFICATION**

2       I, Shawna McCann, am a Special Agent with the Federal Bureau of Investigation

3   in Seattle, Washington.  I furnished the investigative facts contained in the foregoing

4   Verified Complaint for Forfeiture *in Rem*.  The investigative facts are based on personal

5   knowledge I obtained from my involvement in the underlying investigation, my review of

6   the relevant investigative material, other law enforcement officers involved in the

7   investigation, other reliable official government sources, and my own training and

8   experience.

9       I hereby verify and declare, under penalty of perjury pursuant to 28 U.S.C. § 1746,

10   that I have read the foregoing Verified Complaint for Forfeiture *in Rem*, that I know its

11   contents, and that the facts it contains are true and correct to the best of my knowledge.

12

13       Executed this 24th day of September, 2021.

14

15

16   _____

17   SHAWNA MCCANN
     Special Agent
18   Federal Bureau of Investigation

19

20

21

22

23

24

25

26

27

28

VERIFIED COMPLAINT FOR FORFEITURE *IN REM* - 16
*United States v. One Romarm Cugir Draco 7.62 Caliber Pistol, et al.*